```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ENGELBERT ROSALES,<br><br>            Petitioner,<br><br>     v.<br><br>JORDAN L. HOLLINGSWORTH,<br><br>            Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 15-3840 (JBS)<br><br>**OPINION** |

APPEARANCES:

Engelbert Rosales, Petitioner Pro Se
#51881-007
FCI Fort Dix
P.O. BOX 2000
Fort Dix, NJ 08640

**SIMANDLE, Chief Judge:**

## I.   INTRODUCTION

Engelbert Rosales, a federal prisoner confined at FCI Fort Dix, New Jersey, filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Docket Entry 1). For the reasons expressed below, this Court will dismiss the Petition without prejudice pending exhaustion of Petitioner's administrative remedies.

## II.  BACKGROUND

Petitioner is serving a thirty-six month sentences for attempted second-degree sex abuse and attempted kidnapping.

(Docket Entry 2 at 4).[1] On April 7, 2014, the Bureau of Prisons ("BOP") evaluated Petitioner for residential re-entry center ("RRC") placement pursuant to the Second Chance Act of 2007, Pub. L. No. 110-199, April 9, 2008 ("Second Chance Act"). (Docket Entry 1 at 8; Docket Entry 2 at 4). The Unit Team in charge of Petitioner's evaluation determined a placement of 60-90 days RRC placement was appropriate. (Docket Entry 2 at 5). It further determined home confinement was not appropriate. (Docket Entry 2 at 5).

Petitioner mailed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on May 29, 2015. (Docket Entry 1). He asserted that the BOP improperly denied him the 10% halfway house time allotment, which would have set his date of release to June 2, 2015. (Docket Entry 1 ¶¶ 4-7). Petitioner asserted the BOP was delaying the administrative remedy process, making exhaustion futile. (Docket Entry 1 ¶¶ 6-9). On June 29, 2015, he supplemented his petition with more documents. (Docket Entry 2).

### III. STANDARD OF REVIEW

Petitioner brings this Petition for a Writ of Habeas Corpus as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v.*

---

[1] Petitioner's district and date of judgment are unknown.

2

*Kerner*, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney General*, 878 F.2d 714, 721-22 (3d Cir. 1989); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

## IV.  DISCUSSION

Petitioner challenges the decision of the BOP denying him placement at a halfway house. Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless ... He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3). "Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485-86 (3d Cir. 2001). This Court has subject matter jurisdiction under § 2241 to consider the instant petition because Petitioner was incarcerated in New Jersey when he filed the petition, and he challenges the denial of early release on federal grounds. *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241-44 (3d Cir. 2005); *Barden v. Keohane*, 921 F.2d 476, 478-79 (3d Cir. 1990). Moreover, if the Bureau of Prisons ("BOP") incorrectly determined his eligibility for early release, this error carries

3

a potential for a miscarriage of justice that can be corrected through habeas corpus. *See Murray v. Carrier*, 477 U.S. 478, 495 (1986); *Barden*, 921 F.2d at 479.

"Federal prisoners are required to exhaust their administrative remedies before filing a § 2241 habeas petition." *Tiffin v. Lewisburg*, 589 F. App'x 609, 611 (3d Cir. 2014) (citing *Moscato v. Fed. Bureau of Prisons, et al.*, 98 F.3d 757, 760 (3d Cir. 1996)). The record reflects that Petitioner is in the process of pursuing his administrative appeal, beginning with an informal request that was submitted on May 12, 2015, and to which a response was received on May 15, 2015. (Docket Entry 1 at 8). Thereafter, Petitioner submitted a formal remedy request to the administrative remedy coordinator on May 26, 2015. (Docket Entry 1 at 5). His request was rejected because he failed to submit the request number of copies, however he was informed that he could resubmit his request within five days. (Docket Entry 1 at 5). A handwritten note on the form indicates Petitioner resubmitted his request on May 29, 2015, (Docket Entry 1 at 5), the same day Petitioner mailed his petition. Warden Hollingsworth responded to Petitioner's Administrative Remedy form on June 22, 2015, (Docket Entry 2 at 4-5), and Petitioner submitted an appeal of that decision to the Northeast Regional Director on June 25, 2015, (Docket Entry 2 at 2); *see also* 28 C.F.R. § 542.15(a). In order to fully exhaust his

4

administrative remedies, Petitioner must appeal any unfavorable decision to the BOP General Counsel. 28 C.F.R. § 542.15(a).

Although exhaustion of administrative remedies may be excused "if an attempt to obtain relief would be futile or where the purposes of exhaustion would not be served[,]" *Cerverizzo v. Yost*, 380 F. App'x 115, 116 (3d Cir. 2010) (citing *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 239 n.2 (3d Cir. 2005); *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986); *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (Roth, J., concurring)), the record submitted by Petitioner indicates his appeal is proceeding in the normal course. Warden Hollingsworth responded to Petitioner within the time contemplated by 28 C.F.R. § 542.18. The Regional Director has thirty (30) days to respond to Petitioner's appeal, and the Central Office shall have forty (40) days to consider his final appeal. 28 C.F.R. § 542.18. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. As the administrative appeal process is ongoing and the record is developing, it is premature for the federal courts to become involved.

Although the "release date" cited by Petitioner, June 2, 2015, has come and gone, the Court notes that the record reflects the decision on Petitioner's RRC placement was made

5

more than a year in advance, namely, on April 4, 2014. (Docket Entry 2 at 5). The fact that Petitioner waited until May 12, 2015 to start pursuing his administrative remedies does not entitle him to federal court intervention prior to the exhaustion of administrative appeals. A prisoner seeking § 2241 relief from the unit Team's placement determination pursuant to the Second Chance Act cannot wait a year before pursuing an administrative remedy and then claim that the Court should waive administrative remedy exhaustion because too little time remains before the release date petitioner seeks.  When a prisoner disagrees with the Unit Team's decision, he should file for administrative relief at an early date so that the required administrative remedy process has sufficient time to be concluded before seeking court intervention.  Under the present circumstances, the Court will not excuse Mr. Rosales' failure to exhaust his administrative remedies, and finds this present petition is premature.

As Petitioner is in the process of exhausting his administrative remedies, the petition shall be dismissed without prejudice. Petitioner may move to reopen the matter upon exhaustion of his administrative remedies by submitting an amended petition.[2]

---

[2] Petitioner should further note that "[u]nless prepared by counsel, petitions to this Court for a writ of habeas corpus . .

## V. CONCLUSION

For the foregoing reasons, the petition shall be dismissed without prejudice. An accompanying order follows.

| | |
|---|---|
| **July 13, 2015** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE<br>Chief U.S. District Judge |

---

. shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk." L. Civ. R. 81.2(a). Petitioner did not use the habeas form supplied by the Clerk for habeas corpus petitions, *i.e.*, AO242 (12/11). The Clerk shall be directed to provide this form to Petitioner, and Petitioner shall use this form in the event he wishes to move to reopen this matter upon the conclusion of his administrative remedies.

7